UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| § | | |
| V. § | | 5:09-CR-20 |
| § | | |
| TERRY LYNN THORNTON § | | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On August 24, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by Jason Horton.

Terry Lynn Thornton was sentenced on October 12, 2004, before The Honorable Linda R. Reade of the Northern District of Iowa after pleading guilty to the offense of felon in possession of a firearm (2 counts), a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years per count. The guideline imprisonment range, based on a total offense level of 18 and a criminal history category of IV, was 41 to 51 months. Terry Lynn Thornton was subsequently sentenced to 51 months imprisonment per count, to run concurrently with each other, following by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include search and seizure. On May 30, 2008, Terry Lynn Thornton completed his period of imprisonment and began service of the supervision term in the Western District of Arkansas. On August 5, 2009, Mr. Thornton's supervision was transferred to the Eastern District of Texas.

On March 8, 2010, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On or about September 15, 2009, Mr. Thornton allegedly committed the offense of theft of $1500/under $20,000 in Texarkana, Texas. A warrant was issued for Mr. Thornton's arrest on October 4, 2009. As of the date of the petition, Mr. Thornton had not been arrested on the charge.

2) **Defendant shall not commit another federal, state, or local crime.** Specifically, the Government alleges as follows. On or around September 11, 2009, Mr. Thornton allegedly committed the offense of theft greater than $500/less than $2500 in Waldron, Arkansas. As of the date of the petition, the case was still pending in Scott County Circuit Court.

3) **Defendant shall not leave the judicial district without permission of the Court or probation officer.** Specifically, the Government alleges as follows. On or around September 11, 2009, Mr. Thornton was allegedly in Waldron, Arkansas, which is not in the Eastern District of Texas. Mr. Thornton did not receive permission from the U.S. Probation Office prior to leaving the district on the above date.

4) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month**. Specifically, the Government alleges as follows. Mr. Thornton failed to submit written monthly reports for the months of December 2009, January 2010, and February 2010.

5) **Defendant shall notify the probation officer ten days prior to any change of residence or employment.** Specifically, the Government alleges as follows. On October 1, 2009, Mr. Thornton reported that he was residing at 708 Lindsey Lance, Apt. 8, in Atlanta, Texas. However, on January 8, 2010, the U.S. Probation Office was notified by Mr. Thornton's landlord, Ray King,

that he was no longer residing at that apartment.

6) **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** Specifically, the Government alleges as follows. According to the Scott County Sheriff's Department, Mr. Thornton was arrested on November 22, 2009, transferred to the Sebastian County, Arkansas jail on December 15, 2009, and released on January 4, 2010. Mr. Thornton did not report this arrest to the U.S. Probation Office, and had not contacted the U.S. Probation Office as of the date of the petition.

The Court scheduled a revocation hearing August 24, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to allegations as set forth above. Based upon Defendant's plea of true to the allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was agreed upon by the parties, be imposed as follows: It is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with a two-year term of supervised release to follow said term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Defendant shall provide the probation office with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment. Defendant shall submit his person, residence, office, or vehicle to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The Court further recommended that the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with a two-year term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and

speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 24th day of August, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE